UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESUS M. SIMMS,

      Plaintiff,

v.                                            Case No. 22-C-331

B. MATTHIESEN,
INSPECTOR DOBSON,
JOHN AND JANE DOES OF THE MILWAUKEE
COUNTY SHERIFF'S OFFICE, and JOHN AND
JANE DOE SHIFT LIETENANTS,

      Defendants.

---

## ORDER

---

      Plaintiff Jesus M. Simms, who is confined at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Simms also filed a motion for leave to proceed without prepaying the filing fee (ECF No. 2). This order addresses his motion for leave to proceed without prepaying the filing fee and screens his complaint.

      Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the limited purpose of screening the complaint. This case will be returned to Magistrate Judge William E. Duffin for further proceedings after entry of this order.

### MOTION FOR LEAVE TO PROCEED WITHOUT
### PREPAYING THE FILING FEE

      The Prison Litigation Reform Act (PLRA) applies to this case because Simms was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court

to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time through deductions from his prisoner account. *Id.*

On March 22, 2022, the Court ordered that Simms pay $33.50 as an initial partial filing fee by April 21, 2022. (ECF No. 5.) Simms paid the fee on April 1, 2022. The Court will grant Simms's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

## SCREENING OF THE COMPLAINT

*Federal Screening Standard*

Under the PLRA the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Simms's Allegations*

Simms alleges that on October 6, 2021, January 12, 2022, and January 13, 2022, Defendant Correctional Officer B. Matthiesen threatened to kill him and called him racial and homophobic slurs. (ECF No. 1 at 2-3.) On October 6, 2021, Matthiesen said to Simms, "I will kill you bitch" twice. (*Id.*) He also called Simms a "faggot" knowing that Simms was gay. (*Id.* at 3.) On January 12, 2022, between 1:35 p.m. and 1:50 p.m., Matthiesen again threatened to kill Simms "if he see me out of the facility." (*Id*. at 2.) He also called Simms a "faggot" and a "nigger". (*Id.*) The next day, Matthiesen spoke to Simms "on my speaker in my room . . . and said he will kill me if he see me in G.P." (*Id.* at 3.)

*Analysis*

At the outset, Simms names as defendants Inspector Dobson, and John and Jane Doe Lieutenants, and John and Jane Doe "Sheriffs of the Milwaukee County Sheriff's Office". However, he does not include any allegations against any of these defendants. Inspector Dobson and the Doe defendants are dismissed.

3

Simms claims that Matthiesen violated his constitutional rights by using racial and homophobic slurs and making death threats. "The Eight Amendment prohibits cruel and unusual punishments that involve the unnecessary and wanton infliction of pain." *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). "Relationships between prisoners and prison staff are not always marked by genteel language and good manners." *Id.* at 719. "Most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

Regarding death threats, "[i]n some circumstances, a threat may rise to the level of cruel and unusual punishment." *Dobbey v. Ill. Dept. of Corr.*, 574 F.3d 445 (7th Cir. 2009). However, "an idle and laughing threat" does not rise to the level of a constitutional violation. *Taylor v. Guthurter*, Case No. 10-cv-967, 2011 WL 1792268 at *3 (S.D. Ill. May 10, 2011) (quoting *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) and *Dobbey* 574 F.3d at 446). Courts must consider whether a reasonable person would fear for his life as a result of the threat, not whether the plaintiff actually experienced fear. *Dobbey*, 574 F.3d at 445.

Simms's allegations do not provide context or details regarding the circumstances under which the racial and homophobic slurs and death threats were made. It may well be that they do not rise to the level of a constitutional violation but without context it is hard to say. Thus, in light of the lenient standard of review applied at screening, the Court will permit the claim to proceed. The harassing language coupled with the repeated death threats is sufficient at this stage.

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Simms's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Inspector Dobson and the Doe defendants are **DISMISSED**.

Under an informal service agreement between Milwaukee County and this Court, a copy of the complaint and this order have been electronically transmitted to Milwaukee County for service on defendant B. Matthiesen**.** **IT IS ORDERED** that, under the informal service agreement, B. Matthiesen shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the agency having custody of Simms shall collect from his institution trust account the $316.50 balance of the filing fee by collecting monthly payments from Simms's prison trust account in an amount equal to 20% of the preceding month's income credited to Simms's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Simms is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance due to the receiving institution.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>517 E. Wisconsin Avenue, Room 362
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Simms is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Simms is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Simms's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Simms may find useful in prosecuting his case.

The court **RETURNS** this case to United States Magistrate Judge William E. Duffin for further proceedings.

Dated at Green Bay, Wisconsin this 16th day of June, 2022.

>s/ William C. Griesbach
>William C. Griesbach
>U.S. District Judge

6

Case 2:22-cv-00331-WED-WCG   Filed 06/17/22   Page 6 of 6   Document 8